R. O. H. HILL, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9028. Promulgated July 31, 1947.

*Charles A. Roberts, Esq.*, and *Robert O. Muller, Esq.*, for the petitioner.

*Henry C. Clark, Esq.*, for the respondent.

154

### OPINION.

Leech, *Judge*: Petitioner contends that the $47,770.40 paid over by it to the alleged partnership of R. Hill & Co. constituted earnings of the partnership. It is argued that the partnership was in all respects an actual bona fide entity, created to serve a definite legitimate business purpose. Petitioner insists that its contract with the partnership was a real and genuine transaction entered into at arm's length and that the arrangement was made for the corporate benefit. It claims that under the contract it acted merely as agent for the partnership and that its only income from the "E" award business was 10 per cent upon cost, the balance of the earnings being the income of its undisclosed principal. Respondent contends that the partnership was a mere sham and device by which petitioner sought to avoid payment of taxes upon its income.

We agree with respondent. The record shows clearly that the partnership contributed absolutely nothing either in services or capital to the production of the income arising from the executing of orders for "E" award printing. Its capital was $150, which was little more than half of the amount expended in attorney fees for the work incident to the technical creation of a partnership and its contract arrangement with petitioner. It obtained no business, bought no supplies, and did no work. It is clear to us that its function and purpose were merely to siphon off the greater portion of the earnings derived by the petitioner. The contract between the alleged partnership and petitioner certainly was not an "arm's length" transaction. Viewing it wholly from petitioner's standpoint, it was one in which petitioner voluntarily released to another the greater part of its earnings for no consideration whatsoever. The argument of peti-

tioner's president that the partnership was protecting petitioner by guaranteeing to it a 10 per cent profit, the partnership assuming the liability for any loss in the carrying out of the work, is not supported by the record. The orders were solicited from prosperous companies who were able to pay generously for work properly done. The work was of such character that its cost could be definitely estimated by petitioner. The latter took no chance of loss with respect to this business. Obtaining the orders was all that was necessary. By far the greater part of the work was not even done in petitioner's place of business, but was contracted from other concerns with whom petitioner was in contact and who had long been serving petitioner in that type of its work requiring color printing, binding, and other items.

We think that we could say appropriately here, as we did in *Jud Plumbing & Heating, Inc.*, 5 T. C. 127; affd., 153 Fed. (2d) 681, that "*The fundamental concept of taxation is that income is taxable to him who earns it and that concept, we think, is correctly applied by the respondent here.*" There appears to be no question that all of the income here involved flowed directly from the efforts of petitioner and its employees in obtaining and executing these orders. We approve the action of respondent in disregarding the alleged partnership and treating the $47,770.40 paid over to that partnership as income earned by and taxable to petitioner. *Forcum-James Co.*, 7 T. C. 1195; *Louis Adler Realty Co.*, 6 T. C. 778; *Harrison* v. *Schaffner*, 312 U. S. 579; *Burnet* v. *Leininger*, 235 U. S. 136.

Petitioner asks that, if the partnership be disregarded, the result is that it must be given credit for the expenditures made from the $47,770.40 by petitioner as expenses of carrying on business. It argues that the amounts withdrawn from that fund by Hill and Jacquerod were only reasonable commissions for services performed by these men. This contention requires little discussion. The withdrawals by these two men were not made as compensation for services rendered, but as a distribution of profits. They are the owners of all of petitioner's outstanding stock. Aside from this, there is nothing in the record to indicate the value of the services rendered by these two individuals or to show that these amounts, if treated as compensation, represented reasonable amounts.

However, the record does disclose that the partnership paid from the funds received by it from petitioner a total of $7,370.51 as additional compensation to various employees of petitioner whose excellent service had contributed largely to the success of the work. Respondent argues that this is not allowable as an expense, since the recipients of these payments were not employees of the partnership which made the payments. We think this argument is inconsistent with respondent's position that the partnership should be disregarded. We have

held that the partnership was really the petitioner and that its income was that of the petitioner. It necessarily follows that its disbursements were those of the petitioner and these payments of additional compensation to employees, which are indicated by the record to be reasonable in amount, should be allowed as deductions to petitioner. The other items of expenditure by the partnership as expenses, composed of legal expenditures in its creation and the cost of keeping of its accounts, are manifestly items not allowable to petitioner, since they are not ordinary and necessary expenses. The service there rendered contributed in no respect to the earning of income by petitioner.

This leaves for consideration the question of respondent's disallowance of the flat sum of $1,500 of the amount deducted by petitioner in the present and prior fiscal years here as representing travel and entertainment expense. The disallowance appears to be of a purely arbitrary amount. It is not a disallowance of any particular items making up the total on petitioner's books for each of those years. The ground for the disallowance is merely the general one that the expenditures have not been supported by the necessary evidence. Petitioner's officers have testified that these payments were actually made by petitioner to its employees in reimbursement of those employees for expenditures made by those employees for petitioner's account in travel and in entertainment of customers. There is no question but that petitioner actually expended these amounts and for these purposes. Respondent's action in disallowing the flat sum of $1,500 in the prior fiscal year and reducing the net carry-over in consequence and in disallowing the same amount in the present fiscal year is disapproved.

*Decision will be entered under Rule 50.*